**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO. 1:26-CR-28** |
| **Plaintiff,** | : | **JUDGE BARRETT** |
| **v.** | : | **STIPULATION AND PROTECTIVE ORDER** |
| **DERRICK LONG,** | : | |
| **Defendant.** | : | |

WHEREAS, having received a discovery request, the government will produce to the Defendant discovery relating to the above-captioned matter;

WHEREAS, some of the discovery materials the government intends to produce may contain information falling into one or more of the following categories (collectively, "Protected Information"):

a. Personal identifying information of any individual (other than his or her name), including without limitation any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members' names, or criminal histories ("Personal Identifying Information");

b. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) ("Medical Information");

c. Financial information of any individual or business, including without limitation bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information"); and

d. All materials, including but not limited to documents, electronic data, and audio-visual materials, that contain information relating to the identity, or that could be used to ascertain the identity, of any non-law enforcement witnesses ("confidential witnesses" or "CWs") ("CW Information");

WHEREAS, the government represents that the unrestricted dissemination of Protected Information could adversely affect the privacy interests and safety of third parties, as well as ongoing investigations and prosecutions; and the Court finds that, for that reason, the government has a compelling interest in preventing Protected Information from being disclosed to anyone not a party to the court proceedings in this matter;

AND WHEREAS, the Court has the power under Fed. R. Crim. P. 16(d)(1) and 26.2 to grant appropriate relief to the parties where required in the interests of justice;

IT IS HEREBY ORDERED that:

1. Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the government shall segregate the Discovery Materials into three categories: (1) General Discovery Materials; (2) Protected Materials; and (3) Attorneys' Eyes Only Materials. The category to which particular discovery materials belong shall be clearly identified by the government.

2. Protected Materials are defined as those including any Personal Identifying Information, Medical Information, or Financial Information.

3. Attorneys' Eyes Only Materials are defined as those including any CW

Information.

4. General Discovery Materials are defined as documents and other materials that are not otherwise designated as Protected Materials or Attorneys' Eyes Only Materials.

5. The government shall clearly mark each item provided as Protected Materials with a stamp reading "SUBJECT TO PROTECTIVE ORDER" and each item provided as Attorneys' Eyes Only Materials with a stamp reading "ATTORNEYS' EYES ONLY"; or, if marking is not practicable due to the format or volume of the discovery, shall otherwise clearly inform defense counsel in writing of the designation. Any item not marked as Protected Materials or Attorneys' Eyes Only Materials shall be deemed General Discovery Materials.

6. The "Defense Team" is defined as (i) the Defendant; (ii) counsel of record and his or her staff members (associates, paralegals, investigators, litigation support personnel, and legal assistants/secretarial staff); and (iii) experts, translators, interpreters, consultants and investigators retained to assist in the preparation of the Defendant's defense.

7. Except as provided in this Order, General Discovery Materials can be shared with all members of the Defense Team and may be left in the possession of a Defendant. General Discovery Materials shall not be further disseminated[1] by a Defendant's Defense Team to any other individuals, organizations, or other entities outside the Defense Team, except as provided below:

a. Members of any Defense Team, but not the Defendant, may show (but not provide copies of) any General Discovery Materials to witnesses or potential witnesses

[1] "Disseminate" means to provide, show, or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

during their investigation of this case.

8. Protected Materials shall not be disseminated by anyone other than defense counsel of record, and said dissemination shall be subject to the following restrictions:

a. Counsel of record shall not disseminate Protected Materials to any individuals, organizations, or other entities, other than to members of the Defense Team.

b. Protected Materials (not including Attorneys' Eyes Only Materials) may be shown to the Defendant, but such materials may not be left in the possession or custody of the Defendant unless all Protected Information (that is, all information qualifying as Personal Identifying Information, Medical Information, or Financial Information, as described above) has first been redacted from the Protected Materials.

9. Attorneys' Eyes Only Materials shall not be further disseminated by counsel of record to any individuals, organizations, or other entities, except as provided below:

a. Counsel of record may disseminate any Attorneys' Eyes Only Materials only to their associates, paralegals, litigation support personnel, and legal assistants/secretarial staff assigned to the Defense Team, as well as any retained experts. Counsel of record may not disseminate any Attorneys' Eyes Only Materials to the Defendant, experts who have not been retained, translators, interpreters, or consultants, or to witnesses or potential witnesses.

10. If the parties cannot agree on a designation of any of the Discovery Materials, the Defendant, through counsel of record, may seek relief from the government's designation (or a re-designation) as to a particular item of discovery by filing a motion with the Court. The government

shall be given an opportunity to respond to the motion. No further dissemination of the item(s) shall be made until after the Court rules on the motion.

11. With the exception of defense counsel of record, each member of the Defense Team to whom disclosure is made pursuant to the terms of this Order shall be provided a copy of this Order and shall be advised that he or she shall not further disseminate the materials, except as provided herein. No Discovery Materials shall be disseminated to any person, other than defense counsel of record, unless that person first signs the Acknowledgment in the form attached hereto as Appendix A, agreeing to comply with the terms of this Order.

12. Defense counsel of record shall file **under seal**, and serve on the Government, a motion for permission to disseminate any Discovery Materials to any individual not expressly authorized to receive such materials by this Protective Order. The defense may submit with the motion an *ex parte* statement of the reasons purportedly justifying such disclosure. The government shall be given an opportunity to respond to the motion, and no further dissemination of the item(s) shall be made until after the Court rules on it. Before receiving any Discovery Materials, each of the individuals to whom the Court authorizes disclosure to be made shall sign the Acknowledgment in the form attached hereto as Appendix A, agreeing to comply with the terms of this Order.

13. The substitution, departure, or removal for any reason from this case of counsel for the defendant, an expert witness, or anyone associated with the Defense Team shall not release that person from the provisions of this Order or the Acknowledgement executed in connection with this Order. Additionally, any Discovery Materials, including copies and notes, within the possession of a former member of the Defense Team shall be immediately returned to defense

counsel of record.

14. Defense counsel shall store all Discovery Materials, and any copies thereof, in a secure place, such that the Discovery Materials cannot be accessed by others not on that Defense Team.

15. All Discovery Materials are to be provided to counsel of record for the Defendant, and used by the Defendant and his Defense Team, solely for the purpose of allowing the Defendant to prepare his defense. The Defendant and his Defense Team shall not make, or participate in the making of, any extrajudicial disclosure of Discovery Materials for dissemination by means of public communication, unless such materials are (or become) public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise properly placed in the public domain.

16. The government is responsible for correctly identifying into which of the above categories it believes the Discovery Materials fall. The government is also responsible for properly marking the Discovery Materials in a clear manner to identify the category in which the Discovery Materials were placed by the government. The Defendant and the Defense Team may rely on the government's designated or re-designated category identifications of the Discovery unless and until modified by the Court's order. Moreover, the Defense Team has no obligation to determine the category into which the Discovery Materials belong or may belong.

17. The Defense Team's duties under this Order shall survive the termination of this case and are permanently binding.

18. Nothing in this Order shall preclude the government or the Defendant from seeking a further Protective Order pursuant to Rule 16(d) as to particular items of Discovery Materials.

This Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

**SO STIPULATED:**

DATED: April 27, 2026

*/s/Clyde Bennett II*
CLYDE BENNETT II (0059910)
Counsel for Defendant Derrick Long

DATED: April 27, 2026

DOMINICK S. GERACE II
UNITED STATES ATTORNEY

*/s/Ashley N. Brucato*
ASHLEY N. BRUCATO (0090989)
Assistant United States Attorney
221 E. Fourth Street, Suite 400
Cincinnati, OH 45202
Phone No.: (513) 684-3711
Ashley.Brucato@usdoj.gov

**SO ORDERED.**

4/28/2026
**DATE**

/s/*Michael R. Barrett*
**HON. MICHAEL R. BARRETT**
**UNITED STATES DISTRICT JUDGE**

Appendix A

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he or she has read the Protective Order entered in the United States District Court for the Southern District of Ohio in the case captioned *United States v. Derrick Long*, Criminal No. 1:26-cr-028 (S.D. Ohio), understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any documents or information made available to him or her other than in strict compliance with the Order. The undersigned acknowledges that his or her duties under the Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

DATED:__________________ BY: ________________________________________
(type or print name)

SIGNED: ____________________________________